IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
DOCKET NO: 5:18-cv-00146-D

| | |
|---|---|
| TARYN DUDLEY,<br><br>                              Plaintiff,<br>v.<br><br>ALLAN M. ACTON, D.D.S., P.A. a/k/a<br>CARY FAMILY DENTAL, LLC,<br><br>                            Defendant. | **STIPULATED CONSENT<br>PROTECTIVE ORDER** |

WHEREAS, information, documents and materials may be sought, produced or exhibited by and among the parties to the above-captioned case, which are claimed to contain protected, confidential, and proprietary information, including but not limited to employment and personnel records, medical and dental files and records that contain confidential and sensitive medical and personal information protected pursuant to the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 164.512(e), and confidential, sensitive, and proprietary business information, including trade secrets as defined in N.C. Gen. Stat. § 66-152(3), any of which would qualify for protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and Plaintiff Taryn Dudley ("Plaintiff") and Defendant Allan M. Acton, D.D.S., P.A. a/k/a Cary Family Dental, LLC ("Defendant," collectively, the "Parties") have sought an order to limit dissemination and disclosure of this information.

IT IS THEREFORE ORDERED:

1.    This Order shall govern the use and disposition of all information, documents, electronic files, and other materials disclosed in this case which is designated as confidential

("Confidential Information") in accordance with this Order, whether produced by one of the Parties to this case or by a non-party to the case (a "Non-Party").

2. The Party or Non-Party producing the Confidential Information described in Paragraph 1 above (a "Disclosing Party") may designate any information, document, or electronic file that is produced in this case for protection under this Order by marking it at or before the time of production or exchange with the legend "CONFIDENTIAL" pursuant to this Order. All CONFIDENTIAL designations must be based on the good faith belief that the information labelled is not public and constitutes information subject to a legally protected right of privacy. All discovery materials and pleadings (with the exception of deposition transcripts, which are governed by Paragraph 5 of this Order) must be designated Confidential prior to service thereof by stamping the word "CONFIDENTIAL" on each page containing Confidential Information. All documents shall be maintained in confidence by the Party or Parties receiving Confidential Information (each a "Receiving Party") until expiration of the above-described time limits for designation.

3. Any information, document, or electronic file designated as CONFIDENTIAL may be delivered, exhibited, or disclosed only to the following persons: (a) the Receiving Party, including the employees, and in-house counsel thereof, provided that except for in-house counsel working on this case, such employees shall receive such Confidential Information solely to the extent needed for purposes of prosecuting or defending the litigation and for no other purpose; (b) any person testifying at a deposition or court proceeding in this case or who, in counsel's good faith belief, may be called as a witness in this case; (c) court officials involved in this action and court reporters transcribing proceedings in this action; (d) experts retained in this action; (e) potential witnesses in this action who have executed and delivered to counsel, prior to receipt

or review of any CONFIDENTIAL Information, the Protective Order Confidentiality Agreement in the form attached as Exhibit A. Counsel for the Parties shall be responsible for obtaining such executed written agreements from all persons to whom they disclose such information.

4. Any information, document, or electronic file produced by a Party with a designation of CONFIDENTIAL pursuant to the terms of this Protective Order shall not be used by the Receiving Party for any purpose other than the investigation, discovery, judicial proceedings, trial and appeal of this case.

5. To the extent that any information, document, or electronic file designated as CONFIDENTIAL is used in the taking of a deposition, such information shall remain subject to this Order, along with pages of the deposition testimony referencing the material. Information (including testimony) disclosed at a deposition may be designated by counsel as CONFIDENTIAL by either:

(a) Indicating on the record at the deposition that the information is CONFIDENTIAL and is subject to the provisions of this Protective Order applicable to CONFIDENTIAL material, respectively; or

(b) Notifying other counsel in writing within thirty (30) days of the receipt of the transcript of those pages and lines or those exhibits that are CONFIDENTIAL. Until the expiration of such thirty-day period the entire deposition transcript shall be treated as CONFIDENTIAL Information.

Upon being informed that certain portions of a deposition disclose CONFIDENTIAL Information, counsel for each Party must cause each copy of the transcript in its custody or control to be so marked as soon as reasonably possible. All CONFIDENTIAL designations must be based on the good faith belief of the designating counsel that the material constitutes Confidential Information as defined herein.

6. A Party may oppose the designation of any information, document, or electronic file as CONFIDENTIAL at any time before trial by notifying the Disclosing Party and giving that

Disclosing Party ten (10) days to consider the request to de-designate the material. If the Parties are unable to agree on the protected status of a document, the Party opposing the designation may request an appropriate order from the Court.

7. The designation or receipt of any information, document, or electronic file as CONFIDENTIAL Information pursuant to this Order, shall not be construed as an admission by a Disclosing Party that such material is relevant or material to any issue in the case or is otherwise discoverable, or as an admission by a Receiving Party that such material is, in fact, Confidential Information.

8. Notwithstanding any other provision of this Order, the designation of any information, document, or electronic file as CONFIDENTIAL pursuant to this Order, shall not require a Receiving Party to keep that information confidential under the terms of this Order, if the Receiving Party already has lawfully received the material from a source other than the Disclosing Party and with the consent of the source from which the information was obtained, without an obligation to keep it confidential. Provided however, that any such Receiving Party shall first provide notice to the Disclosing Party of the circumstances under which such Receiving Party has received the same material from a source other than the Disclosing Party.

9. Before filing any brief, memorandum, transcript of testimony, exhibit, or other document or material with the Court that contains, incorporates, or refers to any information, documents, or electronic files designated CONFIDENTIAL, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with E.D.N.C. Local Civil Rule 79.2, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court,

however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

10. The inadvertent or unintentional disclosure hereafter by the Disclosing Party of Confidential Information either by way of document production or deposition testimony, regardless of whether the information was designated CONFIDENTIAL at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any inadvertently or unintentionally disclosed Confidential Information not designated as such pursuant to this Order at the time of its disclosure shall be designated CONFIDENTIAL, as applicable, as soon as reasonably possible after the Disclosing Party becomes aware of the erroneous disclosure and shall thereafter be treated as Confidential Information. No Party shall be responsible to any other Party or Non-Party for any use made of

information produced and not designated as Confidential Information until such designation is made in writing.

11. Subject to the Federal Rules of Civil Procedure, Confidential Information may be offered in evidence at trial or any hearing in open court subject to any procedures required by the Court. The Disclosing Party may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to review it. The Court shall then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, should be afforded to such evidence at the trial or hearing. Nothing in this Order shall operate as an admission by any Party that any information is or is not admissible in evidence in this case.

12. With respect to subpoenas or other discovery requests seeking Confidential Information, any Party may invoke the terms of this Order in writing with respect to any Confidential Information to be provided to the requesting Party, provided that the Party invoking the terms of this Order has a confidentiality interest in the Confidential Information so requested, or has knowledge that a Non-Party has a confidentiality interest that should be protected, or which it is otherwise obligated to keep confidential. In the event that a Party seeks discovery from a Non-Party to this case, the Non-Party may invoke the terms of this Order in writing to all Parties to the case with respect to any Confidential Information to be provided to the requesting Party by the Non-Party.

13. The Parties, and any representatives, agents, independent contractors, or experts retained by the Parties, who learn of a violation of the terms of this Order have an obligation to report the violation to the Disclosing Party's counsel of record or, in the event that the Disclosing Party is not represented by counsel, directly to the Disclosing Party immediately upon learning of

the violation of this Order. At the same time, any Party learning of a violation of this Order is obligated to take all reasonable steps to retrieve the Confidential Information inadvertently disclosed and otherwise to limit any damage caused by a disclosure of Confidential Information in violation of this Order.

14. Following entry of a final decision or judgment and the expiration of the time for appeal in the above-captioned case, and within 20 days after receipt of a general demand from a Disclosing Party, each Receiving Party shall collect all material that has been marked by a Disclosing Party as CONFIDENTIAL, including any copies or replicas that have been furnished to any other person, and return it to the Disclosing Party, together with appropriate certification of compliance with the terms of this paragraph. Provided however, that the obligation to return any such material shall not apply to material furnished to the Court, or material which the Court has determined to be not properly deemed Confidential. Provided further, the Parties' attorneys shall be permitted to maintain a file copy in their case files which shall continue to be protected by this Order.

15. In lieu of returning copies of Confidential Information protected by this Order to the Disclosing Party, the Receiving Party's counsel may destroy all copies of the protected Confidential Information within 10 days of receipt of the demand referred to in Paragraph 14, if counsel for a Receiving Party confirms, in writing, that it has destroyed all such protected material. This Order does not prevent any Party from asserting any legally cognizable privilege to withhold any document or information.

16. Any Party may apply to the Court for a modification of this Order for good cause shown, and nothing herein shall be deemed to prejudice or waive any Party's right to seek such a modification.

17. Each Party shall bear its own costs and expenses in complying with this Order. This provision does not prevent a Party from asserting a claim against any other Party for any costs or expenses associated with enforcing alleged breach or failure to abide by this Protective Order.

Dated: February 12, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge

**THE PARTIES HEREBY CONSENT TO THE FOREGOING ORDER:**

This 5th day of February 2019.

| **POYNER SPRUILL LLP** | **KORNBLUTH GINSBERG LAW GROUP, P.A.** |
|---|---|

By: s/ Kevin M. Ceglowsk
    Kevin M. Ceglowsk
    N.C. State Bar No. 35703
    301 Fayetteville Street, Suite 1900
    Raleigh, NC 27602-01801
    Telephone: (919) 783-6400
    Facsimile: (919) 783-1075
    Email: kceglowski@poynerspruill.com

    David L. Woodard
    N.C. State Bar No. 19343
    301 Fayetteville Street, Suite 1900
    Raleigh, NC 27602-01801
    Telephone:  (919) 783-6400
    Facsimile:  (919) 783-1075
    Email:  dwoodard@poynerspruill.com

    Brett A. Carpenter
    N.C. State Bar No. 47630
    301 Fayetteville Street, Suite 1900
    Raleigh, NC 27602-01801
    Telephone:  (919) 783-6400
    Facsimile:  (919) 783-1075
    Email:  bcarpenter@poynerspruill.com

    COUNSEL FOR DEFENDANT
    ALLAN M. ACTON, D.D.S., P.A.
    A/K/A CARY FAMILY DENTAL, LLC

By: s/ Michael A. Kornbluth
    Michael A. Kornbluth
    NC Bar No. 27928
    mkornbluth@kglawnc.com
    Joseph E. Hjelt
    NC Bar No. 53497
    3100 Tower Blvd., Ste. 800
    Durham, NC 27707
    Telephone: 919-401-4100
    Facsimile: 919-401-4104

    ALBETTA LAW
    Frank J. Albetta
    NC State Bar No. 38904
    924 Northcreek Drive
    Durham, NC 27707
    Telephone: 910 297-1769
    Email: fjalbetta@gmail.com

    COUNSEL FOR PLAINTIFF TARYN DUDLEY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
DOCKET NO: 5:18-cv-00146-D

TARYN DUDLEY,

                                  Plaintiff,

v.

ALLAN M. ACTON, D.D.S., P.A. a/k/a
CARY FAMILY DENTAL, LLC,

                                  Defendant.

**<u>CONFIDENTIALITY PROTECTIVE ORDER BY CONSENT</u>**

      This is to certify that I have read and am fully familiar with the provisions of the Protective Order entered on _____, 2019, by the Honorable _____, in the above-captioned matter.

      As a condition precedent to my review or handling of any of the documents or other materials containing confidential information produced pursuant to the Protective Order or my obtaining confidential information contained in said documents or other materials, I hereby agree that the Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with all of the provisions of the Protective Order and I submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for purposes of enforcement of the Protective Order and this Confidentiality Agreement against me.

_____
Signature

_____
Printed Name

_____
Address

_____
Employer

_____
Job Title

_____
Date